# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED OF AMERICA, | Case No. 1:19-CR-0014 DAD BAM |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | ECF No. 106 |
| ENRIQUE LOPEZ, | |
| Defendant. | |

Defendant Enrique Lopez ("Defendant") is charged by superseding indictment with conspiracy to commit armed bank robbery in Count One, attempted armed bank robbery in Count Two, and carrying a firearm during and in relation to a crime of violence in Count Three. (Doc. 77.) On August 16, 2019, Defendant Lopez filed a motion for discovery of proffers made to the government by the cooperating witness or his counsel leading to the agreement to cooperate, including information about the negotiations. Defendant contended the proffers by the cooperator's attorney are exculpatory evidence which should be produced under *Brady*. On November 13, 2019, the Court denied Defendant's motion for discovery of proffer evidence. (Doc. 104.)

Defendant filed a motion for reconsideration on November 20, 2019. Defendant asks the court to reconsider that the proffer evidence is indeed exculpatory evidence.

Pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 430.1(i).

Defendant's motion for reconsideration again argues that the proffer evidence is exculpatory of the attempted robbery charge. Defendant argues that no evidence disclosed in the case shows that Defendant got out of the car, approached the bank, or pointed a firearm. (Doc. 106, p.2.) Defendant argues that these facts "are exculpatory facts because even if true they do not amount to attempted bank robbery in the Ninth Circuit." *Id.* (citing cases). Defendant "renews his request for proffers made to the government on behalf of the cooperating informant by his attorneys." *Id.*

The motion for reconsideration, however, is based on Defendant's disagreement with the Court's decision on the merits and application of the law to his motion for discovery of proffer evidence. Defendant has not presented any new or different facts from which the Court should reconsider its prior ruling. Defendant's re-argument of the position he took in his original motion is not a sufficient basis for reconsideration.[1]

**Conclusion and Order**

For the reasons stated above, Defendant's motion for reconsideration is DENIED. The hearing set for December 9, 2019 on the motion for reconsideration is VACATED. The status conference set for December 9, 2019 at 1:00 p.m. remains as previously set.

IT IS SO ORDERED.

Dated: **November 22, 2019**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant may have the option of appealing this court's decision under Local Rule 430.1(j).