W. SCOTT QUINLAN, 101269
Attorney at Law
2333 Merced Street
Fresno, Ca 93721
PHONE: (559) 442-0634
FAX: (559) 233-6947

Attorney for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ENRIQUE LOPEZ,<br><br>  Defendants. | No. 1:19-CR-00014 DAD-BAM<br><br>**STIPULATION REGARDING USE OF VIDEO-CONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER**<br><br>**DATE:** June 2, 2020<br>**TIME:** 9:00 a.m.<br>**PLACE:** Dale A. Drozd<br>        Courtroom 5 |

**BACKGROUND**

On January 10, 2020, Defendant entered a Guilty Plea to Count 1 of the Superceding Indictment, 18 U.S.C. §8371 and 2113(a), Conspiracy to Commit Armed Bank Robbery. Sentencing is set for June 2, 2020 at 9:00 a.m. before Honorable Dale A. Drozd.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges o authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Id., Pub.L. 116-23 §15002(b)(2).

1

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. §1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea and sentencing hearings cannot safely take place in person.

In order to authorize sentencing hearings by remote means, however, the CARES Act – as implemented by General Order 614 – also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings by the CARES Act and General Order 614. Specifically, for he reasons further set below, the parties agree that:

1)  The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and defendant's intended request at sentencing for a sentence of time served to be considered; the Presentence Report establishes the Sentence Guideline Range as 60 months and recommends a term of imprisonment of 60 months; and

2)   The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver; and

## **STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly form person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and

1      excluded time under the Speedy Trial Act. General Order 612 incorporated

2      General Order 611's findings regarding the health dangers posed by the pandemic.

3    7.   On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

4      emergency in this District pursuant to 18 U.S.C. §3174(d), based on the District's

5      "critically low resources across its heavy caseload." The report accompanying the

6      Judicial Council's declaration analyzed the public safety dangers associated with

7      the COVID-19 pandemic and examined both the District's caseload ( the District

8      currently ranks first in the Ninth Circuit and eight  nationally in weighted findings)

9      and its shortage of judicial resources (the District is currently authorized only six

10      district judges, two of those positions are currently vacant). The report further

11      explained that a backlog of cases exists that "can only start to be alleviated" when

12      the CDC lifts its guidance regarding gatherings of individuals.

13    8.   On April 17, 2020, General Order 617 issued, continuing court closures through

14      June 1, 2020 and authorizing further continuances of hearings and exclusions

15      under the Speedy Trial Act.

16    9.   Given these facts, it is essential that Judges in this District resolve as many matters

17      as possible via videoconference and teleconference during the COVID-19

18      pandemic. By holding these hearings now, this District will be in a better position

19      to work through the backlog of criminal and civil matters once in-person hearings

20      resume.

21    10.   The sentencing hearing in this case accordingly cannot be further delayed without

22      serious harm to the interests of justice. If the Court were to delay this hearing until

23      it can be held in-person, it would only add to the enormous back log of criminal

24      and civil matters facing this Court, and every Judge in this District, when normal

25      operations resume.

26    11.   Under CARES Act §15002(b), defendant consents to proceed with this hearing by

27      video-teleconference. Counsel joins in this consent.

28   ///

**IT IS SO STIPULATED.**

Dated: May 26, 2020 /s/ Ross Pearson
ROSS PEARSON
Assistant United States Attorney

Date: May 26, 2020 /s/ W. Scott Quinlan
Attorney for Defendant ENRIQUE LOPEZ

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Therefore, based on the findings above, and under the Court's authority under §15002(b) of the CARES Act and General Order 614, the sentencing hearing in this case will be conducted by videoconference on June 2, 2020 at 9:00 a.m.

IT IS SO ORDERED.

Dated: **May 26, 2020**        _____
UNITED STATES DISTRICT JUDGE